**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MARLON M. ELLIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 5:25-cv-00504-MTT-CHW** |
| **STEVENS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

### ORDER & RECOMMENDATION OF DISMISSAL

Plaintiff Marlon M. Ellis, an inmate in Wilcox State Prison in Abbeville, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. He also filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. Plaintiff's motion for leave to proceed IFP is **GRANTED**, as discussed below, and thus, his complaint is ripe for preliminary review. On preliminary review, it is **RECOMMENDED** Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

### MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to prepay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has

sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account

2

exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.      Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.  If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  28 U.S.C. § 1915A(a).  Courts must also screen complaints filed by a plaintiff proceeding IFP.  28 U.S.C. § 1915(e).  Both statutes apply in this case, and the standard of review is the same.  "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."  *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted).  Still, the Court must dismiss a prisoner

3

complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.   Factual Allegations

In his complaint, Plaintiff asserts that, on August 4, 2025, he was told that he had legal mail, but because his dorm was on quarantine, he was unable to retrieve it.   ECF No. 1 at 5.   Plaintiff asked an officer to have Officer Stevens, a mailroom officer, bring Plaintiff his legal mail, and Plaintiff was told that Officer Stevens said Plaintiff would have to wait until the next day.   *Id.*   Plaintiff asked about his mail again on the next two days, but he did not receive his mail until August 7, 2025.   *Id.*

Plaintiff asserts that the item in the mail was a jurisdictional question posed by the Eleventh Circuit in *Ellis v. Wilcox*, Appeal Number 25-12271-A, which required a response within fourteen days of issuance.   *Id.*   He further states that his response was filed on August 19, 2025.   Plaintiff contends that Warden of Administration Mrs. Jones allowed Officer Stevens to delay the delivery of Plaintiff's legal mail.   *Id.*

5

III.    Plaintiff's Claims

Plaintiff's allegations appear to be intended to assert a claim for denial of his right of access to the courts.   To state such a claim, a plaintiff must allege facts showing that he was denied access to the courts and that the denial of access resulted in an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).   Moreover, the injury must relate to prospective or existing litigation, such as "being prevented from presenting claims" while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."   *Wilson v. Blankenship*, 162 F.3d 1284, 1290 & n.10 (11th Cir. 1998).

Plaintiff alleges that his mail was held for three days because his dorm was under quarantine.   According to Plaintiff, his response to the Eleventh Circuit was filed on the fifteenth day after the order was entered.   Including the three days that are added when a party is not served electronically or the order is not delivered on the date stated in the proof of service, *see* Fed. R. App. P. 26(c), Plaintiff's response was timely.[1]   Moreover, court records indicate that the appeal in that case is still pending.   *See Ellis v. Wilcox*, Appeal No. 25-12271 (11th Cir.).   Thus, Plaintiff has not alleged facts showing that he suffered an actual injury because of the three-day delay in delivering his legal mail.   He therefore has not stated a claim for denial of his right of access to the courts.

---

[1]According to court records, the response was actually deemed filed on August 18, 2025, the fourteenth day after the jurisdictional question was issued, although it was docketed the next day.   *See Ellis v. Wilcox*, Appeal No. 25-12271 (11th Cir.).

IV.    Conclusion

Because Plaintiff has not alleged any facts showing an injury, he has not stated a claim for denial of access to the courts.   It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b)(ii).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 6th day of March, 2026.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

7